# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD WALLACE ID # 48207-177, Movant, | ) ) ) | |
| vs. | ) ) | No. 3:16-CV-2127-M-BH No. 3:14-CR-0139-M |
| UNITED STATES OF AMERICA, Respondent. | ) ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the amended *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received July 22, 2016 (doc. 2), should be **DENIED** with prejudice.

## I. BACKGROUND

Anthony Bernard Wallace (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-139-M. The respondent is the United States of America (Government).

### A. Plea and Sentencing

On April 8, 2014, Movant was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (*See* doc. 1.)[1] He pled guilty on November 18, 2014. (*See* doc. 31.)

On February 4, 2015, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 37-1 at 5, ¶ 18.) Because Movant had at least two prior felony convictions for a controlled substance or a crime of violence offense, it found that the base offense level under USSG § 2K2.1(a)(2) was

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-139-M.

24. (*See id*. at 4, ¶ 12; 5, ¶ 19.) Two offense levels were added under USSG §2K2.1(b)(4) because firearms seized from his residence were stolen. (*See id*., ¶ 20.) Four levels were added under USSG § 2K2.1(b)(6)(B) because he used or possessed a firearm during the commission of another felony, i.e., aggravated assault with a deadly weapon. (*See id*., ¶ 21.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27. (*See id*. at 6, ¶¶ 27-29.) With a criminal history category of six, the resulting guideline range was 130-162 months of imprisonment. (*See id*. at 12, ¶ 61.) The statutory maximum sentence was ten years. (*See id*., ¶ 60.)

At the sentencing hearing on April 24, 2015, the Court sustained Movant's objection that a prior conviction for delivery of a controlled substance did not qualify as a controlled substance offense, and it found that the base offense level under USSG § 2K2.1(a)(4) was 20 because he had one prior conviction for a crime of violence, resulting in a total offense level of 23 with a guideline range of 92-115 months of imprisonment. (*See* docs. 50, 52 at 1.) Movant was sentenced to imprisonment for 100 months and 15 days. (*See* doc. 51 at 2.) He did not appeal.

**B.     Substantive Claim**

Movant contends that his sentence violated due process in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). (3:16-CV-2127-M, doc. 2 at 6.) This case was stayed and administratively closed pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, which has now been issued. (*See* doc. 7); *Beckles v. United States*, 137 S.Ct. 886 (2017).

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. *JOHNSON* CLAIM

Movant contends that the use of prior convictions to increase his sentence under the sentencing guidelines violated his right to due process under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause

is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Johnson* does not apply to Movant because he was not sentenced under the ACCA. His base offense level under USSG § 2K2.1(a)(4) was based on a prior conviction for a crime of violence. The sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). He is not entitled to relief on his claim.

## IV.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 24th day of August, 2017.

IRMA CARRILLO RAMIREZ  
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE